IN THE SUPREME COURT OF THE STATE OF DELAWARE

CHARLES W. PERNOT, §
§
    Defendant Below, § No. 105, 2018
    Appellant, §
§ Court Below—Superior Court
    v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 1703001397 (K)
§
    Plaintiff Below, §
    Appellee. §

Submitted: December 5, 2018
Decided:   January 14, 2019

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## ORDER

After consideration of the appellant's opening brief, the appellee's motion to affirm, the supplemental submissions, and the record on appeal, it appears to the Court that:

(1)    The appellant, Charles W. Pernot, filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Pernot's opening brief that the appeal is without merit. We agree and affirm.

(2)    The record reflects that, on September 5, 2017, Pernot pleaded guilty to Drug Dealing in exchange for the dismissal of other drug-related charges. The

Superior Court sentenced Pernot to eight years of Level V incarceration, suspended for six months of Level IV work release, followed by one year of Level III probation. The sentencing order required Pernot to be evaluated for substance abuse and follow any treatment recommendations. Pernot was to be evaluated and monitored by the Treatment Access Center ("TASC").

(3) On January 22, 2018, an administrative warrant was filed for Pernot's VOP. The VOP report alleged that Pernot violated the terms of his probation and Morris Community Center regulations by possessing contraband, including two bags of synthetic marijuana, and sexually harassing a female counselor. After a VOP hearing on February 12, 2018, the Superior Court found that Pernot had violated his probation. The Superior Court sentenced Pernot to seven years and eleven months of Level V incarceration suspended after successful completion of the Transitions program and Level V Key Crest, followed by one year of Level IV Crest and one year of Level III aftercare. This appeal followed.

(4) In his opening brief on appeal, Pernot argues that: (i) the Superior Court erred in denying his request for a transcript of the VOP hearing at State expense; (ii) his counsel at the VOP hearing was ineffective; (iii) the TASC worker falsely stated at the VOP hearing that he admitted to using cocaine in December 2017 and that he had not dealt with his substance abuse issues; and (iii) the probation officer had no basis to recommend that he complete the Transitions program, which was longer

2

than indicated at the VOP hearing. Pernot's claims regarding the transcript are moot because this Court ordered preparation of the transcript. Pernot received a copy of the transcript and filed a supplemental opening brief. In his supplemental opening brief, Pernot argues that the transcript supports his claims. He is mistaken.

(5) The transcript reflects that Pernot did not dispute that he violated his probation by possessing contraband, he understood that his probation officer recommended completion of the Transitions program, and he agreed to complete the Transitions program. Pernot objected to the Key Crest program, stating that he had already done the program and had not used drugs since 2009. Pernot claims that the TASC worker falsely stated that he admitted to using drugs in December 2017, but in fact she stated that he had previously admitted to using drugs as late as December 2016. The Superior Court, as the trier of fact, was responsible for determining witness credibility and resolving any conflicts in the testimony.[1] The record does not reflect any error or abuse of discretion by the Superior Court judge in finding the TASC worker was more credible than Pernot.

(6) As to the length of the Transitions program, the transcript of the VOP hearing reflects that the probation officer was not sure how long it would take to complete the program, but thought it might take less than a year. Pernot's counsel

---

[1] *Greathouse v. State*, 2002 WL 1012673, at *2 (Del. May 10, 2002) (citing *Tyre v. State*, 412 A.2d 326, 330 (Del.1980)).

informed the Superior Court that there was a significant waiting period to enter the program. To the extent Pernot claims that the Superior Court ordered him to complete the Transitions program under the mistaken belief that he would only need to spend a year at Level V in order to do so, the record does not support this claim.

(7) In sentencing Pernot for his VOP, the Superior Court was authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[2] The Superior Court's VOP sentence did not exceed the Level V time remaining to be served on Pernot's original sentence. We will not consider Pernot's ineffective assistance of counsel claims for the first time on direct appeal.[3]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Gary F. Traynor
Justice

---

[2] 11 *Del. C.* § 4334(c).
[3] *Wolford v. State*, 2015 WL 745696, at *2 (Del. Feb. 19, 2015); *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

4